IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

Plaintiff,

v.

WESLEY T. VAVRA,

Defendant.

**8:22CR171**

**MEMORANDUM
AND ORDER**

This matter is before the Court on defendant Wesley Vavra's ("Vavra") Motion for Judgment of Acquittal or New Trial (Filing No. 80) brought under Federal Rules of Criminal Procedure 29(c) and 33. For the reasons stated on the record at trial and below, the Court denies Vavra's motion in its entirety.

## I.     BACKGROUND

On July 19, 2022, a grand jury indicted Vavra on one count of knowingly attempting to persuade, induce, or entice a minor to engage in prostitution or sexual activity, in violation of 18 U.S.C. § 2422(b). The matter proceeded to a jury trial that began on August 21, 2023.

At trial, the government presented evidence that Vavra communicated with an undercover informant, Douglas County Sheriff's Deputy Chad Miller ("Deputy Miller"), through the social-media website Whisper and—later—texts and calls from May 2022 to July 2022. Throughout their conversations, Deputy Miller utilized his training and experience in child-exploitation investigations to embody a fabricated persona as a pedophilic father who was looking for a sexual partner for his eight-year-old, intellectually disabled daughter. Their communication primarily concerned Vavra's potential sexual interaction with Deputy Miller's fictional daughter and culminated in an attempted meeting between Vavra, Deputy Miller, and the minor child. It was at this

attempted meeting that Vavra—who had arrived with a stuffed animal, Sweet Tarts candy, and two bottles of sex gel—was arrested on suspicion of the charged offense.

On August 23, 2023, Vavra's counsel made an oral motion for acquittal, *see* Fed. R. Crim. P. 29(a), after the government rested its case in chief. The Court denied that motion and—after Vavra rested without calling any witness—sent the case to the jury for deliberations following closing arguments. Shortly thereafter, the jury found Vavra guilty of attempted enticement of a minor under § 2422(b).

On September 13, 2023, Vavra filed the present motion to which the government promptly responded (Filing No. 81). Vavra seeks a judgment of acquittal based on what he sees as insufficient evidence. In the alternative, Vavra asserts he is entitled to a new trial on two grounds: (1) the evidence was insufficient to sustain a conviction under §2422(b), and (2) Vavra was denied his right to a fair trial.

## II.   DISCUSSION

### A.   Motion for Judgment of Acquittal

The Court has "very limited latitude" to grant a post-trial motion for judgment of acquittal. *United States v. Hassan*, 844 F.3d 723, 725 (8th Cir. 2016). In reviewing the present motion, the Court may "not assess witness credibility or weigh evidence," *id.*, and must view the evidence "in a light most favorable to the guilty verdict, granting all reasonable inferences that are supported by the evidence," *United States v. Dupont*, 672 F.3d 580, 582 (8th Cir. 2012) (internal citation omitted). Vavra's motion "should be granted only 'if there is no interpretation of the evidence that would allow a reasonable jury to find [him] guilty beyond a reasonable doubt.'" *United States v. Cacioppo*, 460 F.3d 1012, 1021 (8th Cir. 2006) (quoting *United States v. Gomez*, 165 F.3d 650, 654 (8th Cir. 1999)).

Vavra urges that "[t]here was no evidence presented that [he] did anything to persuade, induce or entice a minor into sexual activity." The evidence, he argues, was

insufficient insofar as it demonstrated that Deputy Miller—not Vavra—"turned the discussion in a sexual direction [and] described the sexual acts involving his 'daughter.'" In addition, Vavra argues that he never spoke nor requested to speak with Deputy Miller's minor daughter and merely acquiesced to Deputy Miller's suggestions.

Vavra's argument misconstrues the nature of his offense of conviction. Eighth Circuit caselaw clearly defines the offense of attempted enticement of a minor under § 2422(b). That crime is committed "where [the offender] intends to entice a minor and engages in substantial conduct toward that end." *United States v. Rajab*, 23 F.4th 793, 796 (8th Cir. 2022). Moreover, an attempt offense under § 2422(b) "does not require proof that an offender succeeded in enticing anyone to engage in sexual activity." *Id.* "Evidence that a defendant arranged to meet a minor at a certain time or place and traveled to the designated meeting location is sufficient to support a conviction." *Id.*

The Eighth Circuit has also long described the type of circumstances in which an individual may be found to have violated § 2422(b) without proof of any contact with an actual minor. For example, a conviction can be properly sustained for attempted enticement of a minor "[e]ven where an undercover officer is playing the role of a minor." *Id.* Additionally, "[e]vidence of attempting to entice a minor through an intermediary may be sufficient to establish a violation." *Id.*; *see also United States v. Willins*, 992 F.3d 723, 728 (8th Cir. 2021); *United States v. Spurlock*, 495 F.3d 1011, 1014 (8th Cir. 2007). Contrary to Vavra's arguments, factual impossibility is also not a defense to an attempt charge under § 2422(b): "a defendant's factual mistake about whether a minor actually existed is irrelevant as to whether he knowingly sought sexual activity with a minor." *United States v. Bauer*, 626 F.3d 1004, 1007-08 (8th Cir. 2010).

The Court correctly instructed the jury on this law, and the jury reached a guilty verdict based on evidence that is sufficient in light of these principles. That evidence demonstrated that Vavra, through an intermediary, knowingly arranged to meet an eight-

year-old child at a particular time and place, and traveled to that location according to that plan.  The evidence was also sufficient for a jury to find that Vavra intended to engage in sexual activity with the minor child at that meeting.  Taken together and viewed in the light most favorable to the verdict, the evidence presented to the jury was sufficient for it to find that Vavra (1) intended to entice the minor to engage in unlawful sexual activity, and (2) took a substantial step by arriving at a designated meeting place with the candy, teddy bear, and sex gel that had been discussed with Deputy Miller. Thus, the Court denies Vavra's motion for a judgment of acquittal as a reasonable jury could have interpreted the evidence to be sufficient to find him guilty beyond a reasonable doubt of attempted enticement of a minor under § 2422(b).

### B.      Motion for New Trial

Vavra alternatively argues the evidence underlying his conviction was so insufficient as to entitle him to a new trial.  "A motion for new trial based on sufficiency of evidence is disfavored" and the Court may only grant Vavra's motion if "the evidence presented weighs heavily enough against the verdict that the court believes a miscarriage of justice may have occurred."  *United States v. Davenport*, 910 F.3d 1076, 1080 (8th Cir. 2018) (quoting *United States v. Davis*, 534 F.3d 903, 912 (8th Cir. 2008)). For the same reasons as stated above, the Court finds the evidence presented does not weigh heavily against the jury's verdict.  Thus, Vavra's motion for a new trial on the basis that the evidence was insufficient to support his conviction is denied.

Vavra also argues he is entitled to a new trial because—in his view—the Court denied him the right to a fair trial by prohibiting him "from arguing that any intended conduct would not have subjected him to criminal charges under the State of Nebraska since the minor was fictitious."  A motion on such grounds should similarly be granted "sparingly and with caution and [only where] a miscarriage of justice may have occurred." *United States v. Magallon*, 984 F.3d 1263, 1286 (8th Cir. 2021).

4

The Court sees no such miscarriage of justice here.  For over a century, "federal courts have uniformly recognized the right and duty of the judge to instruct the jury on the law and the jury's obligation to apply the law to the facts."  *United States v. Drefke*, 707 F.2d 978, 982 (8th Cir. 1983).  At Vavra's trial, the Court faithfully instructed the jury on the law with respect to the elements of an attempt offense under § 2422(b). Indeed, Vavra's counsel admitted during trial that the Court's jury instructions accurately reflected the state of the law (Filing No. 79, pp. 7-8, 10).  His disagreement with the "slippery slope that the Eighth Circuit has put us on," however, did not entitle him to make an argument to the jury that necessarily involves an inaccurate and misleading statement of the law as he wants it to be.  Because the Court was, therefore, permitted to prevent presentation of this argument at trial, Vavra's motion for a new trial must also be denied on this ground.

IT IS ORDERED:

1. Defendant Wesley Vavra's Motion for Judgment of Acquittal (Filing No. 80) is denied.

2. Defendant Wesley Vavra's Motion for New Trial (Filing No. 80) is denied.

Dated this 2nd day of October 2023.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge

5